UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

       Plaintiff,
vs.

BED BATH & BEYOND INC.
d/b/a Bed Bath & Beyond #1110 and
HART MIRACLE MARKETPLACE, LLC

       Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Bed Bath & Beyond Inc. d/b/a Bed Bath & Beyond #1110 and Defendant Hart Miracle Marketplace, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff is also a "tester" of ADA/ADAAG compliance at public accommodations. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Bed Bath & Beyond Inc. (also referenced as "Defendant BB & Beyond," "operator," "lessee" or "co-Defendant") is a foreign for-profit corporation authorized to transact business in Florida. Bed Bath & Beyond Inc. was founded in 1971, is a public company on the NASDAQ exchange, is among the Forbes 500, and is part of the S&P 600 retail component.

6. Defendant Hart Miracle Marketplace, LLC (also referenced as "Defendant Hart LLC," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 3301 Coral Way, Coral Gables, Florida 33145, which is also referenced as Folio 01-4109-069-0020. Defendant Hart LLC's real property is built out as a mixed-use commercial center (branded as Miracle Marketplace shopping complex). Hart LLC leases its mixed-use commercial center (in part) to a DSW retail store, a Nordstroms Rack retail store, a PetSmart retail store, a Marshalls store, an LA Fitness Athletic club and the Bed Bath and Beyond retail store which is the subject of this instant action

## FACTS

7. Bed Bath and Beyond brand chain stores specialize in selling home goods such as linens, cooking items and small kitchen appliances. The home goods chain operates 1,460 Bed Bath and Beyond store locations in the United States, Canada, Mexico and Puerto Rico. All Bed Bath and Beyond stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) as "other sales or rental establishments." The Bed Bath and Beyond store located at 3301 Coral Way (which is within the Miracle Marketplace shopping complex) which is the subject of this complaint is also referenced as "Bed Bath and Beyond store," "Bed Bath and Beyond store at the Miracle Marketplace," "(home goods) store," or "place of public accommodation."

8. As the operator of home goods stores which are open to the public, Defendant BB & Beyond is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a store/bar; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. The Bed Bath and Beyond store is the portion of the Miracle Marketplace shopping complex which is leased to co-Defendant Bed Bath & Beyond Inc. who in turn operates its Bed Bath and Beyond brand retail store at that location.

10. Due to the close proximity to Plaintiff's home to the Bed Bath and Beyond home goods store at the Miracle Marketplace shopping complex, on December 1, 2021 Plaintiff went to the store to shop for home goods.

11. On entering the Bed Bath and Beyond store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

12. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator of Bed Bath and Beyond store (Defendant BB & Beyond) and by the owner of Miracle Marketplace shopping complex within which the Bed Bath and Beyond store is located (Defendant Hart LLC).

13. As the owner and operator of over 1,400 home goods retail stores, Defendant BB & Beyond is well aware of the ADA and the need to provide for equal access in all areas of its stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Bed Bath and Beyond home goods store at the Miracle Marketplace is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of the Miracle Marketplace shopping complex which is operated as various places of public accommodation open to the public, including the subject Bed Bath and Beyond store, Defendant Hart LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). As an investor and owner, Defendant Hart LLC is aware of the ADA and the need to provide for equal access in all areas of its shopping complex which are open to the public, including the Bed Bath and Beyond home goods store located therein. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize and test accessibility at the Bed Bath and Beyond of Coral Gables home goods store, but he continues to fear that he will be injured due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Bed Bath and Beyond home goods store within the Miracle Marketplace shopping complex, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant BB & Beyond (operator of the Bed Bath and Beyond store at the Miracle Marketplace) and Defendant Hart LLC (owner of Miracle Marketplace shopping complex which houses that Bed Bath and Beyond store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Bed Bath and Beyond store, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Bed Bath and Beyond home goods store at the Miracle Marketplace.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. The Miracle Marketplace shopping complex which is owned by Defendant Hart LLC and which houses the Bed Bath and Beyond home goods store is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the owner of the Miracle Marketplace shopping complex and the operator of the Bed Bath and Beyond home goods store located therein are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant BB & Beyond (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lbf (22.2 N). This is also a violation §604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with §404; specifically, §§404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground."

ii. As to Defendant BB & Beyond (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall

       door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii. As to Defendant BB & Beyond (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror inside the stall, as the lavatory mirror is mounted too high, which is in violation of §213.3.5 of 28 C.F.R. Part 36, §4.19.6 of the ADAAG and §603.3 of the 2010 ADA Standards for Accessible Design which state that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

iv. As to Defendant BB & Beyond (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror outside the stall, as the mirror is mounted too high, which is in violation of §213.3.5 of 28 C.F.R. Part 36, §4.19.6 of the ADAAG and §603.3 of the 2010 ADA Standards for Accessible Design which state that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and

mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

27. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a home goods store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the Miracle Marketplace shopping complex (specifically, the Bed Bath and Beyond store located therein) such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Hart Miracle Marketplace, LLC (owner of Miracle Marketplace shopping complex which houses the Bed Bath and Beyond home goods store) and Defendant Bed Bath & Beyond Inc. (operator of that store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the Miracle Marketplace shopping complex and the Bed Bath and Beyond home goods store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)      The Court award reasonable costs and attorneys fees; and

      e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 3rd day of January, 2022.

                        Respectfully submitted,

<u>*/s/ J. Courtney Cunningham*</u>
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*